IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Tyrone L. Shirriel,

    Petitioner,                            No. CIV S-02-2068 DFL CMK P

    vs.

Tom L. Carey, Warden, et al.,

    Respondents.                    <u>Findings and Recommendations</u>

_____/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims that the California Department of Corrections' (CDC) scheduling of his initial parole hearing violated his constitutional rights by unlawfully extending the date for consideration of his discharge. In findings and recommendations filed on April 30, 2003, the court found that petitioner may have stated a cognizable claim under the Ex Post Facto Clause, recommended denying respondents' motion to dismiss, and directed respondents to file an answer. The findings and recommendations were adopted in full on September 22, 2003. Respondents have filed an answer and this matter is before the undersigned pursuant to Local Rule 302(c) for findings and recommendations.

///

///

I. <u>Background</u>

In 1991, petitioner was convicted of multiple felonies and sentenced to two consecutive life sentences, plus a determinate term of fourteen years. (Resp't. Answer, Ex. A.) He argues that his due process rights were violated because he did not receive an initial parole suitability hearing one year before his minimum eligible parole release date (MEPD) for his first life term, which requires serving at least a seven year term. In their answer, respondents argue, <u>inter alia</u>, that the court should dismiss petitioner's Ex Post Facto claim because he failed to exhaust it in state court, or, in the alternative, the court should deny petitioner's claim because he has failed to show a violation of the Ex Post Facto clause of the constitution.

II. <u>Standard of Review</u>

A writ of habeas corpus is available under 28 U.S.C. § 2254(a) only on the basis of some transgression of federal law that is binding on the state courts. <u>See</u> <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1085 (9th Cir. 1985). It is not available for an alleged error in the interpretation or application of state law. <u>See</u> <u>id.</u> Habeas corpus cannot be used to try state issues de novo. <u>See</u> <u>Milton v. Wainwright</u>, 407 U.S. 371, 377 (1972).

The Supreme Court reiterated the standards of review for federal habeas in <u>Estelle v. McGuire</u>, 502 U.S. 62 (1991). The Court stated that "federal habeas corpus relief does not lie for error in state law." <u>Id.</u> at 67 (internal citations omitted). The Supreme Court further noted that the standard of review for federal habeas relief is "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." <u>Id.</u> at 68 (internal citations omitted). In order for error in the state trial proceedings to reach the level of a due process violation, the error must be one involving "fundamental fairness." <u>Id.</u> at 73. The category of infractions that violate fundamental fairness is defined very narrowly. <u>See</u> <u>id.</u> at 73.

Applying those principles to habeas proceedings, the Ninth Circuit has specifically refused to consider alleged errors in the application of state sentencing law. <u>See</u>, <u>Miller v. Vasquez</u>, 868 F.2d 1116 (9th Cir. 1989). In <u>Miller</u>, the Court refused to examine the

1 state court's determination that a defendant's prior conviction was for a "serious felony" within
2 the meaning of the state statutes governing sentence enhancements.  See id. at 1118-19.  The
3 court, in refusing to consider the merits of petitioner's claim, stated that federal habeas relief is
4 not available for alleged errors in interpreting and applying state law.  See id.

III.  Discussion

In this case, the undersigned does not consider whether the CDC failed to properly calculate petitioner's MERD, which is one of interpretation of state law and fails to present a federal question.  Instead, the undersigned considers whether the 2000 amendment to Cal. Penal Code § 3046, which governs the calculation of MERD's, had the effect of making petitioner's punishment greater than previously provided for by the earlier version of that code section.

As an initial matter, the undersigned considers respondent's argument that petitioner has failed to exhaust his Ex Post Facto claim with the California Supreme Court and that this claim must be dismissed.  Respondents argue that petitioner never fairly presented an Ex Post Facto claim to the California Supreme Court, and, therefore, this court may not liberally construe petitioner's habeas application as a federal due process claim for a violation of the Ex Post Facto clause.  However, as petitioner presented substantially similar claims on the state level, he, in effect, fairly presented his claim to the state court, even if the state court did not liberally construe his petition as containing an Ex Post Facto claim.  See Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir. 1986)(stating that exhaustion requires only that the substance of the federal claim be fairly presented in state court).   Accordingly, the undersigned rejects respondents' argument  that petitioner's habeas claim should be dismissed for failure to exhaust.

The undersigned next considers whether the application of California Penal Code § 3046 to the calculation of petitioner's MERD violates the Ex Post Facto clause.  A law violates the Ex Post Facto clause only if it (1) punishes as criminal an act which was innocent when committed; (2) makes a crime's punishment greater than when the crime was committed or; (3)

1 deprives a person of a defense available at the time the crime was committed.  See Collins v.

2 Youngblood, 497 U.S. 37, 42 (1990).  Prior to amendment in 2000, § 3046 stated:

> No prisoner imprisoned under a life sentence may be paroled until he or she has served at least seven calendar years or has served a term as established pursuant to any other section of law that establishes a minimum period of confinement under a life sentence before eligibility for parole, whichever is greater.  Where two or more life sentences are ordered to run consecutively to each other pursuant to Section 669, no prisoner so imprisoned may be paroled until he or she has served at least seven calendar years, or has served a term as established pursuant to any other section of law that establishes a minimum period of confinement under a life sentence before eligibility for parole, on each of the life sentences which are ordered to run consecutively, whichever is greater.

Cal. Penal Code § 3046.  In 2000, this section was amended to state:

> (a) No prisoner imprisoned under a life sentence may be paroled until he or she has served the greater of the following:
> (1) A term of at least seven calendar years.
> (2) A term as established pursuant to any other provision of law that establishes a minimum or maximum period of confinement under a life sentence before eligibility for parole.
> (b) If two or more life sentences are ordered to run consecutively to each other pursuant to Section 669, no prisoner so imprisoned may be paroled until he or she has served the term specified in subdivision (a) on each of the life sentences that are ordered to run consecutively.

Cal. Penal Code § 3046 (2000).

      The pre-2000 amended version of § 3046 provided that petitioner not be paroled until he had served at least seven years on each of his consecutive life sentences or had served a term "as established pursuant to any other section of law that establishes a minimum period of confinement under a life sentence before eligibility for parole."  The 2000 amended version of the code section essentially kept this language intact by stating that petitioner could not be paroled until he had served the term specified in subdivision (a) on each of the life sentences that were ordered to run consecutively.  See California Penal Code § 3046 (2000).  The only change to the language of the section after the 2000 amendment is to change the language which stated "or has served a term as established pursuant to any other section of law that establishes a

4

minimum period of confinement..." to instead state "[a] term as established pursuant to any other provision of law that establishes a minimum or maximum period of confinement under a life sentence before eligibility for parole." The addition of the word maximum does not change calculation of petitioner's MERD. Because the language of the two code sections provide for the same length of time to be served before petitioner is eligible for parole, the application of the later version of code section does not violate the Ex Post Facto clause.

IV.  Conclusion

In accordance with the above, IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:   September 6, 2005.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE